(14 Misc. Rep. 15.)

### JACOBI v. HAYNES.

(Common Pleas of New York City and County, General Term.  August 22, 1895.)

INNKEEPERS—LOSS OF GUEST'S PROPERTY.

An hotel keeper is not relieved from liability for loss of a guest's property, including samples of goods, taken from his room by a fellow guest, admitted thereto by the chambermaid, merely because she had several times seen the two guests together in the room, or because, as the proprietor afterwards learned, the guest had authorized his fellow guest to sell goods from the samples, as it does not follow therefrom that he had given him authority to have access to the room.

Appeal from Fourth district court.

Action by Gustav Jacobi against Tilly Haynes.  From a judgment for defendant, plaintiff appeals.  Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Hoffman & Hoffman (Charles L. Hoffman, of counsel), for appellant.

William J. Fanning, for respondent.

GIEGERICH, J.  This action was brought against the proprietor of an hotel to recover the value of goods which were taken from the room of a guest, named Miroy, the plaintiff's assignor, by a fellow guest, one Roberts, who was allowed by a chambermaid to enter the room.  The only question presented is whether, upon the facts shown, the defendant or his servants had sufficient reason for believing that Roberts was authorized by Miroy to enter the room, or whether Roberts was in fact so authorized.  It is not claimed that the chambermaid, who opened the door for Roberts at his request, was ever instructed by Miroy to admit any one to his room. The circumstances relied upon by the defendant as excusing or warranting such act on her part are as follows:  She had seen Roberts in the room several times with Miroy, handling the goods in question and talking with him concerning them.  Tapferwein, the head porter, had gone to the room, at the request of a man whom he supposed to be Roberts, to see Miroy concerning the purchase of one of the articles.  Frost, the manager of the hotel, was told by Miroy that he had authorized Roberts to sell goods from the samples in question; but this was said in an interview held after the goods had been taken.  Miroy denied having said this, which denial the justice below appears, from the memorandum decision submitted, to have overlooked.  This is not important, however, because, assuming that Miroy did tell Frost that he had authorized Roberts to sell goods from the samples, it does not follow that he had given him authority to take away those samples, especially in view of what was done in Tapferwein's case, in which Roberts' only act was to bring forward an intending purchaser, and, still less, authority to have access to his room, which contained other property besides the samples in question, all of which was taken.  It impresses us that the whole difficulty originated in the inexcusable acts of the

chambermaid. She admitted one guest to the room of another guest, because, as she said, she had seen them together there on several occasions. If that should be deemed sufficient reason for unlocking the door, no man's goods would be safe in his room in an hotel unless he shunned all intercourse with his fellow guests. The defendant, in the attempt to evade responsibility for this negligent act of his servant, subsequently collects and sets up in defense various facts. These facts, however, cannot be regarded as constituting a ground for her act,—for one reason, because it does not appear that she had knowledge of them; neither, as already said, do they show that Miroy had in fact authorized Roberts to enter his room.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.